J-S06034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON HARRIS | : | |
| | : | |
| APPELLANT | : | No. 3240 EDA 2019 |

Appeal from the PCRA Order Entered October 10, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002900-2015

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    Filed: March 25, 2021

Aaron Harris (Harris) appeals from the October 10, 2019 order of the

Court of Common Pleas of Philadelphia County (PCRA court) dismissing his

petition for relief pursuant to the Post-Conviction Relief Act.[1]  Harris's counsel

has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967),[2] and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq.*

[2] Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), instead of a **Turner**/**Finley** no-merit letter, which is the appropriate filing in the PCRA context.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter."  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

a petition for leave to withdraw as counsel. We reverse and remand for the appointment of new counsel.

On February 23, 2017, Harris pled guilty to aggravated assault and conspiracy[3] related to an incident in which he and a co-conspirator assaulted and stole from Harris's brother. On May 24, 2017, Harris was sentenced to an aggregate term of 4.5 to 9 years of incarceration followed by 5 years of probation. On June 15, 2017, he filed a post-sentence motion seeking reconsideration of his sentence. No order disposing of this motion appears on the record, but the PCRA court and the parties assert that Harris withdrew the motion on November 20, 2017. *See* Trial Court Opinion, 8/19/2020, at 1; Harris's Brief at 4; Commonwealth's Brief at 3. He did not file a direct appeal.

Harris filed the instant-counseled PCRA petition[4] on July 6, 2018, seeking relief based on after-discovered evidence in the form of affidavits from his brother and his father. The affidavits do not dispute that the crime occurred as described in the criminal complaint or Harris's guilty plea. Harris's brother and father simply averred that they believe Harris has been adequately punished and they regret involving the police in a family matter. His petition did not address the PCRA's jurisdictional time-bar or plead any

---

[3] 18 Pa.C.S. §§ 2702(a)(1), 903(c).

[4] The same attorney who represented Harris in his trial and sentencing proceedings filed the instant petition.

- 2 -

exceptions to the time-bar. **See** 42 Pa.C.S. 9545(b)(1). The Commonwealth filed a motion to dismiss, and the PCRA court issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed the petition on October 10, 2019, and Harris timely filed a notice of appeal on November 12, 2019.[5] The PCRA court and Harris have complied with Pa.R.A.P. 1925.

In this court, counsel has filed a motion to withdraw from representation and an **Anders** brief raising a single issue: "Is [Harris's] appeal frivolous such that counsel should be permitted to withdraw?" In those circumstances:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Turner**, **supra** and **Finley**, **supra** and . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

---

[5] A notice of appeal must be filed within 30 days of the entry of the order on appeal. Pa.R.A.P. 903(a). Harris had until November 9, 2019, to file his notice of appeal. However, November 9, 2019, was a Saturday, so the 30-day period within which Harris could timely file his notice of appeal was extended to the next business day. **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any [time period] shall fall on Saturday or Sunday, or on any day made a legal holiday. . . such day shall be omitted from the computation."). Monday, November 11, 2019, was Veterans' Day, a legal holiday. Harris timely filed his notice of appeal on November 12, 2019.

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted). If counsel has satisfied the above requirements, this court must then conduct its own review of the record and render an independent judgment as to whether the appeal is without merit before permitting counsel to withdraw. *Id.* at 591.

Upon review of counsel's motion to withdraw and the appellate brief, we conclude that counsel has substantially complied with the procedural requirements of *Turner* and *Finley*. Counsel certified that he conducted a conscientious review of the record and determined that there are no meritorious issues to present on appeal. Petition for Leave to Withdraw as Counsel, 11/30/2020, at 1. His brief reviews the law and the sole issue presented in the PCRA petition, and concludes that the affidavits from Harris's brother and father do not constitute exculpatory after-discovered evidence. Finally, he provided Harris with a copy of the brief, served him with the petition for leave to withdraw, and advised him of his immediate right to retain new counsel or present additional argument to this court *pro se*. *Id.*, Exhibit I. Therefore, we proceed with our independent review of this case. *Walters*, *supra* at 591.

Before reaching the merits of the issue raised in counsel's brief, we must first determine whether the petition is timely in accordance with the PCRA's

jurisdictional time-bar.[6] Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020). "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." ***Commonwealth v. Graves***, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); ***see also*** 42 Pa.C.S. 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

A defendant may file a post-sentence motion within 10 days following the imposition of his sentence, which then tolls the period of time for filing a notice of appeal. Pa.R.Crim.P. 720(A)(1)-(2). Under these circumstances, a defendant must file his notice of appeal within 30 days of the order disposing of his motion. ***Id.*** If the defendant does not file an appeal or timely post-sentence motion, his judgment of sentence becomes final after 30 days when the period of time for filing a notice of appeal has expired. Pa.R.Crim.P.

---

[6] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted). This court may address the timeliness of a PCRA petition *sua sponte* as timeliness implicates our jurisdiction over the case. ***Commonwealth v. Gandy***, 38 A.3d 899, 902 (Pa. Super. 2012).

720(A)(3). An untimely post-sentence motion will only toll the appeal period if the defendant requests *nunc pro tunc* relief and the trial court "**expressly permit[s]** the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence." ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015) (emphasis in original).

Harris was sentenced on May 24, 2017, and did not file his post-sentence motion until June 15, 2017, or 22 days after his sentence was imposed. The trial court held argument on June 30, 2017, regarding the timeliness of the post-sentence motion and agreed to consider the post-sentence motion *nunc pro tunc*. Notes of Testimony, 6/30/2017, at 5-6. However, this proceeding took place 37 days after the imposition of the sentence and 7 days after the time period for filing an appeal had expired. As a result, the period for filing a notice of appeal was not tolled and Harris's judgment of sentence became final on June 23, 2017. ***Capaldi***, ***supra***. The instant petition, filed on July 6, 2018, is facially untimely.

Because Harris's petition is facially untimely, he must plead and prove one of the exceptions to the PCRA's timeliness requirements. 42 Pa.C.S. § 9545(b)(1)(i)-(iii) (outlining exceptions to the jurisdictional time-bar based on interference by government officials, newly-discovered facts or newly-recognized constitutional rights). In addition, he must present a claimed exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Harris did not plead or prove any of the statutory exceptions to the PCRA's jurisdictional time-bar in his petition. Significantly, the same attorney represented Harris in his trial and sentencing proceedings and in the instant PCRA proceedings. A review of his petition and his brief in this court reveals that counsel mistakenly believed that the trial court had granted *nunc pro tunc* reconsideration of the untimely post-sentence motion and that the appeal period was tolled. ***See*** Amended Petition Under Post-Conviction Relief Act, 7/6/18, at Paragraph 5; Harris's Brief at 4. He asserted that the motion had been withdrawn on November 20, 2017. ***Id.*** Counsel then apparently believed that the PCRA petition was timely filed within one year of when Harris's judgment of sentence became final on December 20, 2017.[7]

Based on his misconception, counsel did not plead or prove any of the exceptions to the jurisdictional time-bar in the instant petition. The two affidavits counsel submitted in support of the petition were dated May 13, 2018, and May 14, 2018. Thus, by filing the petition in July 2018, it appears that he presented the claims based on these affidavits within one year of the

_____

[7] We recognize that the PCRA court also did not address the timeliness of the petition and agreed that the post-sentence motion was withdrawn on November 20, 2017. Trial Court Opinion, 8/19/2020, at 1. In addition, the Commonwealth did not challenge the timeliness of the petition in its motion to dismiss in the PCRA court. ***See*** Commonwealth's Motion to Dismiss, 2/19/19. It raised the jurisdictional time-bar for the first time in its brief on appeal. Commonwealth's Brief at 6-8.

time the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2). However, he pled only that these affidavits constituted after-discovered evidence entitling Harris to substantive relief. **See** 42 Pa.C.S.A. § 9543(a)(2)(vi). He did not plead that the affidavits constituted newly-discovered evidence under the exception to the jurisdictional time-bar. **See** 42 Pa.C.S. § 9545(b)(1)(ii).[8]

By filing an untimely PCRA petition without pleading and proving an exception to the PCRA based on an apparent misunderstanding of the timeliness of his earlier post-sentence motion, counsel has effectively deprived Harris of review of any post-conviction claims. **See Commonwealth v. Peterson**, 192 A.3d 1123, 1130 (Pa. 2018) (finding ineffectiveness *per se* when PCRA counsel filed first PCRA petition one day after the expiration of the deadline). In **Peterson**, our Supreme Court held that a PCRA petitioner may assert ineffectiveness *per se* under the newly-discovered facts exception to the PCRA time-bar when he is completely deprived of meaningful review of his claims by counsel's failure to file a timely petition. **Id.** at 1130-31. Because counsel's untimely post-sentence motion resulted in this untimely PCRA

---

[8] We do not express an opinion based on the record before us as to whether Harris could have proven that the affidavits constitute newly-discovered evidence. **See Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016) (explaining that to establish timeliness under the newly-discovered evidence exception, petitioner must prove "(1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence").

petition, it appears that Harris may raise counsel's ineffectiveness *per se* here to overcome the time-bar if he is able to plead and prove the requirements of the newly-discovered facts exception. **See** note 8, **supra**; **Peterson**, **supra.**

Our independent review of the record reveals that there is an issue of arguable merit as to whether Harris's petition was timely filed and whether he is entitled to any further relief as a result of the untimely filing of his post-sentence motion. Our precedents preclude an attorney from arguing claims related to his own ineffectiveness. **See Commonwealth v. Betts**, 240 A.3d 616, 621-22 (Pa. Super. 2020). Accordingly, we reverse the order dismissing Harris's petition, grant counsel's petition to withdraw, and remand for the appointment of new counsel to address Harris's claims.

Order reversed. Case remanded for further proceedings. Petition to withdraw granted. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/25/21

- 9 -